UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH MARTINEZ,

          Plaintiff,

-v-

No. 04 Civ. 2728 (LTS)(DFE)

DR. SULNER, DEPARTMENT OF EDUCATION,
CHANCELLOR MR. KLEIN,

          Defendants.

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM ORDER

In his Amended Complaint in this action, Plaintiff Joseph Martinez ("Martinez") alleges that Defendants New York City Department of Education ("DOE"), Chancellor Klein ("Klein"), and Dr. Ilisa Sulner ("Sulner") (collectively, "Defendants"), have engaged in discriminatory employment practices based on Plaintiff's gender and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.[1] The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343. The Amended Complaint, which was submitted on this Court's standard pro se employment discrimination complaint form, includes that form's standard reference to civil rights statutes and state law, which reads,

---

[1] Plaintiff's Amended Complaint can also be read to complain that the DOE failed to comply with certain internal regulations in imposing sanctions on him for allegedly inappropriate behavior. This Court does not have jurisdiction to enforce compliance with internal DOE regulations, the Amended Complaint will therefore be dismissed for lack of subject matter jurisdiction to the extent Plaintiff is complaining of non-compliance with Chancellor's Regulation A830.

"Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983, 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law." (See Amended Compl. at 2.)

Defendants move to dismiss the Amended Complaint[2] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff moves for a default judgment against Defendants. The Court has considered thoroughly all of the parties' submissions in relation to the instant motions. Plaintiff's motion for a default judgment is denied, in light of Defendants' response to the Amended Complaint. Defendants' motion to dismiss the complaint as to all Defendants is granted but Plaintiff will be afforded an opportunity to replead his discrimination claim(s).

This Memorandum Opinion and Order also addresses Plaintiff's application, by letter dated, March 7, 2006, for permission to amend his complaint to assert a Title VII retaliation claim with respect to which he was issued a right to sue letter on February 27, 2006.

---

[2] Plaintiff filed a Second Amended Complaint on June 21, 2005. In accordance with Rule 15(a), Plaintiff can only amend his Complaint once by right before a responsive pleading is served; any other amendments may only be filed and served with leave of the Court. Fed. R. Civ. P. 15(a) (West 2005); Here, Plaintiff has already amended his Complaint once, filing an Amended Complaint on June 7, 2004. Because Plaintiff has neither sought nor received leave of the Court to interpose it, the Second Amended Complaint filed on June 21, 2005, is hereby ordered stricken.

## BACKGROUND

Plaintiff, a Puerto Rican male who was at relevant times employed as a guidance counselor at P.S. 721x, alleges generally that he was discriminated against on the basis of his race and gender with respect to the terms and conditions of his employment. Plaintiff has also written "defamation of character" in the space provided on the pro se complaint form for identification of the discriminatory conduct complained of.

Plaintiff's factual allegations may be summarized as follows.[3] Plaintiff alleges that, in September of 2002, Defendant Sulner, who apparently was at relevant times a school Superintendent with authority over Plaintiff, made disparaging remarks concerning Plaintiff and referred to him as "Mexican or Puerto Rican" in a conversation with Plaintiff's supervisor. (Am. Complaint ¶ 8(7).) Plaintiff also alleges that Defendant Sulner "set [him] up" for false sexual harassment charges, and that he was inappropriately forced to attend sexual harassment training and subjected to a "cease and desist" direction even though the DOE's Equal Opportunity Office found that there was insufficient evidence to sustain the charges. (Id. ¶ 8(1), (2).) He also appears to complain that a junior woman was put in a supervisory position over him. (Id. ¶ 8(1).) "Despite seniority and retention rights as a counselor," Dr. Sulner removed Plaintiff from PS721x in the Bronx to PS 721m in Manhattan for summer employment on July 1, 2003. Plaintiff also received a July 3, 2003 letter "threatening [his] job." (Id. ¶ 8(4).) Plaintiff returned to PS721x on September 2, 2003, at the direction of Deputy Superintendent Bonnie Brown. Dr.

---

[3] The Court accepts the allegations in the complaint as true for the purposes of the motion to dismiss. Cohen v. Koening, 25 F.3d 1168, 1172 (2d Cir. 1994). The Court has also considered the allegations set forth in the complaint Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") for the purposes of this motion because it is an integral part of the charge in this action and because the Plaintiff is proceeding pro se. International Audiotext Network v. Am. Tel. & Tel. Co., 62 F .3d 69, 72 (2d Cir. 1995).

Sulner required him to move his office in the counseling suite "because she said there were too many females there." Plaintiff was the only male counselor and felt humiliated. (Id. ¶ 8(5).) Dr. Sulner "frustrated" Plaintiff by calling meetings and writing to Plaintiff concerning "uncertain allegations" and indicated that the allegations would "lead to 'disciplinary actions.'" Plaintiff characterizes this conduct as "harassment actions." (Id. ¶ 8(6).)

In further correspondence to the Court, Plaintiff complains, inter alia, that awards were given to three female counselors "involved in [his] case," that Dr. Sulner "constantly wrote to [him] on workplace disharmony" and "threatened [his] guidance license" despite his prior positive ratings for interaction with staff, and that his office transfer out of the guidance suite violated seniority principles. (See August 26, 2004 letter to the Court.) In his written response to the instant motion, Plaintiff asserted that "there are other documents not just the charges I wrote as a gist of the wrongdoings." (See letter to Court, received November 17, 2004.) Martinez filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter on September 12, 2003. Plaintiff then filed a complaint in this Court. His initial complaint was dismissed sua sponte by Chief Judge Mukasey who, focusing on Plaintiff's Title VII claim, issued an order directing Plaintiff to file an amended complaint: (1) removing Defendant Sulner's name from the caption and (2) alleging facts indicating that Plaintiff was discriminated against due to his race, color, or gender. (Order dated April 9, 2004, at 4.) Plaintiff thereafter filed the above described Amended Complaint. In October 2005, Plaintiff made an application for default judgment, alleging that Defendants had not responded to his Amended Complaint.

## DISCUSSION

### Plaintiff's Motion for Default Judgment

Plaintiff's motion for a default judgment against Defendants is denied. A party may seek a default judgment only if the opposing party "has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a) (West 2005). Here, Defendants have "otherwise defended" by filing a motion to dismiss the Amended Complaint. See Ricciuti v. New York City Transit Authority, No. 90-2823, 1991 WL 221110 at *1 (S.D.N.Y. Oct. 3, 1991) ("It is undisputed that motions challenging a complaint for failure to state a claim upon which relief can be granted [under Federal Rule of Civil Procedure 12], fall squarely within the ambit of the phrase 'otherwise defend' [under Federal Rule of Civil Procedure 55]").

Plaintiff served the Amended Complaint on August 8, 2004. On August 19, 2004, the Court suspended Defendants' time to respond to the Amended Complaint pending further order by the Court. (See Docket Entry # 6.) The Court subsequently set Friday, November 5, 2004, as Defendants' response deadline. (See Docket Entry #13.) Defendants moved to dismiss the Amended Complaint by motion papers dated November 5, 2004, and filed on Tuesday November 8, 2004. (See Docket Entry # 14.) The Court finds that Defendants' brief delay in filing their responsive motion does not warrant the harsh sanction of judgment by default. See Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001) ("When deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted.").

Here, Defendants' filing of their dismissal motion immediately after the deadline indicates that their technical default was not willful. Furthermore, as explained below, their

dismissal motion is meritorious. Nor does the record indicate that Plaintiff was prejudiced by the technical default. Accordingly, the Court declines to exercise its discretion to grant the application for default (see Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993)). In this connection, the Court notes that default judgment is a "drastic remedy" that should be resorted to "only in extreme situations," Ricciuti, 1991 WL 221110 at *1, and that "public policy favors resolving disputes on the merits." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001). The Court does not find any egregious or deliberate conduct on the part of Defendants that would justify this remedy. Cf. id. Accordingly, Plaintiff's motion for a default judgment is denied.

### Defendants' Motion to Dismiss the Complaint

Defendants move to dismiss the Amended Complaint on two grounds. First, Defendants contend that Plaintiff's claims against Defendants Sulner and Klein should be dismissed because they are individuals and thus cannot be sued under Title VII. Second, Defendants claim that Plaintiff has failed to plead a prima facie case of discrimination under Title VII. Specifically, Defendants contend that Martinez has not alleged facts sufficient to demonstrate that he suffered any adverse employment action.[4]

When presented with a motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to construe the pleading in the light most favorable to the plaintiff and accept as true all of the material facts alleged in the complaint.

---

[4] The elements of a prima facie case of discrimination are (1) membership in a protected group, (2) qualifications for the job in question, (3) adverse employment action, and (4) circumstances supporting an inference of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Courtenay Communications Corp. v. Hall, 334 F.3d 210, 213 (2d Cir. 2003) (internal citations omitted). Dismissal of the complaint is proper only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Defendants correctly argue that Plaintiff's Title VII claims against Defendants Sulner and Klein should be dismissed because they are individuals and thus cannot be sued under Title VII. An individual cannot be sued in his or her personal capacity under Title VII. Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995). The Second Circuit has determined that Congress did not intend the definition of "employer" in Title VII to cover individuals, holding that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." Tomka, 66 F.3d 1295, 1313. The individual defendants, Sulner and Klein, thus are not subject to liability under Title VII. Accordingly, Plaintiff's Title VII claims against Defendants Klein and Sulner are dismissed, with prejudice.

As noted above, however, the Amended Complaint, which was submitted on this Court's standard pro se employment discrimination complaint form, includes that form's standard reference to civil rights statutes and state law, which reads, "Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983, 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law." (See Amended Compl. at 2.) It thus is unclear whether Plaintiff intends that his allegations of discrimination support discrimination claims under the federal and New York laws cited in the complaint form. Discrimination claims under these laws, which are assessed pursuant to standards similar to those

applicable to Title VII claims, can be asserted against individuals.[5] For the reasons explained below, the Court finds the allegations of the Amended Complaint insufficient to state a cause of action and will allow Plaintiff one further opportunity to amend his complaint. The amendment may include discrimination claims against the individual defendants as long as those claims are not asserted under Title VII.[6]

The Court now turns to Defendants' contention that the Amended Complaint must be dismissed for failure to plead a prima facia case of employment discrimination. The pleadings of a pro se party are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). See also, Durant v. Nynex, 101 F. Supp. 2d 227, 233 (S.D.N.Y. 2000). In that regard, the Court has read Plaintiff's supporting papers liberally and interpreted them "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). See also Durant, 101 F. Supp. 2d at 233. Moreover, in light of Plaintiff's pro se status, the Court has considered his submissions outside the pleadings in determining whether he should be granted leave to replead. See Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987).

---

[5] See generally Whidbee v. Garzarelli Food Specialities, Inc., 223 F.3d 62, 75 (2d Cir. 2000) (defendants may be sued in their individual capacity under 42 U.S.C. § 1981); Brennan v. City of White Plains, 67 F. Supp. 2d 362, 372 n.2 (S.D.N.Y. 1999) (defendants may be sued in their individual capacity under 42 U.S.C. § 1983); Li v. Canarozzi, No. 95 Civ. 0706 (LBS), 1997 WL 40979 at *3 (S.D.N.Y. Feb. 3, 1997) (defendants may be sued in their individual capacity under 42 U.S.C. § 1985(3)); Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003) (defendants may be sued in their individual capacity under New York Human Rights law). See also footnote 9 and the cases cited there.

[6] The Order entered in this action on April 9, 2004, is vacated to the extent it instructed Plaintiff that he could only name DOE as a Defendant.

The Court first notes that Rule 8(a)(1) of the Federal Rules of Civil Procedure, which sets the pleading standard for civil matters in federal court, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). A complaint under Title VII is not required to include facts supporting every element of a prima facie case of discrimination.

Having said that, it remains clear that Rule 8 requires that a pleading demonstrate that the plaintiff is entitled to relief, and that Rule 12(b)(6) provides an opportunity to test, at the pleading stage, whether the plaintiff has stated a claim. Thus, although a court cannot dismiss a complaint under Rule 8 for failure to specify all facts required to make out a prima facie case, it is appropriate to examine whether the complaint contains sufficient allegations of wrongful conduct to support the claim for relief. Cf. Swierkiewicz, 534 U.S. at 514-15 (complaint alleging that Hungarian plaintiff was terminated on account of national origin, which included relevant dates and the ages and nationalities of some relevant persons, held sufficient to survive motion to dismiss).

Title VII prohibits disparate treatment in the workplace on account of race and gender. Not every difference in working conditions will support a cause of action under Title VII, however: a plaintiff must have suffered an adverse employment action, or have been subjected to a hostile work environment on account of the prohibited discrimination, to be entitled to relief. As Defendants correctly point out, transfers without demotions, salary reductions or other changes in status have been held insufficient to constitute adverse employment actions. Crady v. Liberty Nat'l Bank of Trust Co. of Indiana, 993 F.2d 132, 136 (7th

Cir. 1993).[7] Mere negative evaluations without repercussions have similarly been held insufficient. Valentine v. Standard & Poors, 50 F. Supp. 2d 262, 284 (S.D.N.Y. 1999). Plaintiff alleges no such materially adverse changes in connection with his temporary transfer to PS 721m, the changes in the location of his office, or Dr. Sulner's warnings.

Nor does Plaintiff allege that he was subjected to a hostile work environment, defined by the case law as one that is "permeated with discriminatory intimidation that [is] sufficiently severe or pervasive to alter the conditions of [a person's] work environment,"[8] although he alleges generally that actions were taken to "harass" him. Moreover, while the Amended Complaint lists Puerto Rican "race" and male gender as the bases upon which Plaintiff suffered discrimination, none of the incidents described in the Amended Complaint is tied to an allegation of motivation based on gender or race, so it is unclear whether Plaintiff's lawsuit concerns employment actions or hostile work environment stemming from race or gender bias or, rather, a harsh work environment arising from personal animosities.

The Court finds that the Amended Complaint fails sufficiently to allege wrongful conduct undertaken on the basis of race or gender to support a Title VII cause of action and therefore must be dismissed.[9] Because, however, Plaintiff has made a variety of allegations in

---

[7] By contrast, termination, demotions, salary reductions and other materially adverse changes in the terms and conditions of employment will constitute adverse employment actions. Richardson v. New York State Dep't of Corr. Serv., 180 F.3d 426 (2d Cir. 1999).

[8] Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997).

[9] The standards governing the employment discrimination claims under the statutory provisions referenced on the pro se form (42 U.S.C. §§ 1981, 1983, 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law) are substantially the same as those under Title VII. See Brennan v. City of White Plains, 67 F. Supp. 2d 362, 371-2 (S.D.N.Y. 1999) (the legal standards governing claims under 42 U.S.C. § 1983 and the New York Human Rights law are the same as Title VII); Mclee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997) (the legal standards

his other submissions, and has asserted in at least one of them that he has information he has not presented to the Court, the Court will afford him one further opportunity to file a new Second Amended Complaint that clearly alleges adverse employment actions taken and/or hostile work environment discrimination, on the basis of Plaintiff's race and/or gender. This new Second Amended Complaint must contain sufficient facts, in terms of dates and identification of persons, incidents and actions taken, to give Defendants fair notice of what Plaintiff's discrimination claims are and the factual grounds upon which they rest. Plaintiff must not name Chancellor Klein, Dr. Sulner or any other individuals as defendants with respect to any Title VII claims. If Plaintiff wishes to assert other discrimination claims against individual defendants, his new Second Amended Complaint must make that clear, and must include facts indicating that individuals were personally involved in the discriminatory acts.[10]

Plaintiff must file and serve his new Second Amended Complaint by **April 28, 2006**. If no such amended complaint is filed and served on a timely basis as required by this Memorandum Opinion and Order, the case will be dismissed with prejudice and without further advance notice to Plaintiff.

---

governing claims under 42 U.S.C. § 1981 are the same as under Title VII); Byars v. Jamestown Teachers Ass'n, 195 F. Supp. 2d 401, 418 (W.D.N.Y. 2002) (legal requirements for claims under 42 U.S.C. § 1985 include all elements of Title VII).

[10] See, e.g., Whidbee, 223 F.3d at 75 ("'A claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement.'" (Citation omitted.)).

Plaintiff's Application to Amend Complaint to Assert Retaliation Claim

The Court will permit Plaintiff to include in the new Second Amended Complaint, which must be filed and served no later than **April 28, 2006**, his allegation of retaliation by the DOE for his filing of this lawsuit.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is denied, Defendants' motion dismissing Plaintiff's Title VII claims, with prejudice, as against Defendants Klein and Sulner is granted. Any claims based on Defendants' alleged failure to act in accordance with DOE regulations are dismissed for lack of subject matter jurisdiction. Plaintiff's remaining claims against Defendants are dismissed for failure to state a claim upon which relief may be granted.

The Second Amended Complaint that Plaintiff filed without leave of Court on June 21, 2005, is stricken from the record.

Plaintiff is hereby granted leave to file and serve a new Second Amended Complaint no later than **April 28, 2006**. The new Second Amended Complaint must clearly allege adverse employment actions and/or hostile work environment discrimination taken on the basis of Plaintiff's race and/or gender, and must contain sufficient facts, in terms of dates and identification of persons, incidents and actions taken, to give Defendants fair notice of what Plaintiff's discrimination claims are and the factual grounds upon which they rest. Plaintiff may also include his retaliation allegations in the new Second Amended Complaint. The Second Amended Complaint must not assert Title VII claims against Defendants Klein and Sulner. If

Plaintiff is seeking to assert any other claims against any defendants as individuals, he must specify facts indicating that they were personally involved in the alleged discrimination.

If Plaintiff fails to serve his new Second Amended Complaint on defense counsel and file it with the Court by **April 28, 2006**, this action will be dismissed with prejudice and without further advance notice to Plaintiff. The Court is providing Plaintiff with a clean copy of the Pro Se employment discrimination complaint form for use in preparing his new Second Amended Complaint. Plaintiff is hereby reminded that he must include all of his allegations in this new Second Amended Complaint, as it will supersede (that is, replace) his earlier pleadings.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
March 22, 2006

LAURA TAYLOR SWAIN
United States District Judge